UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ZHONG SHI GAO,<br>  a/k/a "George,"<br>FEI JIANG,<br>  a/k/a "Jeffrey,"<br>  a/k/a "Brother Fei,"<br>HENRY YAU, and<br>TOMMY LIN,<br><br>                    Defendants. | **SUPERSEDING INDICTMENT**<br><br>S8 23 Cr. 572 (CM) |

## Overview

1.  Between at least in or about 2018 and in or about 2022, ZHONG SHI GAO, a/k/a "George," FEI JIANG, a/k/a "Jeffrey," a/k/a "Brother Fei," and TOMMY LIN, the defendants, participated in a scheme with others to steal millions of dollars from financial institutions by causing transfers of funds between accounts they controlled, then falsely and fraudulently reporting that the transfers were unauthorized, which induced the financial institutions to credit them the amount of the transfers. The scheme proceeded in the following manner: First, GAO, JIANG, and other members of the scheme would recruit other people—frequently foreign nationals from China and Taiwan temporarily residing in the United States—to open bank accounts at various bank branches in the New York City metropolitan area and elsewhere. Control over these bank accounts would then be given to GAO, JIANG, and other members of the scheme. Second, GAO, JIANG, and other members of the scheme would arrange for funds to be deposited and transferred between bank accounts controlled by members of the scheme. Next, GAO, JIANG, and other members of the scheme would cause fraudulent reports to be filed with the banks

claiming that these wire transfers were unauthorized. This prompted the banks to temporarily credit the accounts in the amount of the transferred funds, even though GAO, JIANG, and other members of the scheme had in fact authorized the transfers and maintained control over the transferred funds all along. Finally, GAO, JIANG, and other members of the scheme would arrange for the credited funds to be quickly withdrawn as cash or converted into cryptocurrency and moved to foreign cryptocurrency exchanges before the banks realized that the unauthorized-transfer reports were fraudulent. This resulted in GAO, JIANG, and other members of the scheme effectively doubling their money while leaving the bank accounts with negative balances. In total, GAO, JIANG, and other members of the scheme are responsible for over $10 million in actual losses to nearly a dozen banks and financial institutions.

2. TOMMY LIN, the defendant, previously served as the Director of Constituent Services in the Community Affairs Unit for the New York City Mayor's Office between in or about 2014 and in or about 2019. As part of his responsibilities in the New York City Mayor's Office, LIN served as a Senior Advisor to the New York City Police Department's Asian Advisory Council. Between at least in or about 2019 and in or about 2020, LIN participated in the bank fraud conspiracy by, among other things: (1) providing names and dates of birth for potential accountholders to be used in the scheme; (2) running background checks on members of the scheme to ensure that law enforcement was not investigating them; and (3) accepting approximately $20,000 in cash in exchange for arranging for HENRY YAU, the defendant, a Deportation Officer with U.S. Immigration and Customs Enforcement ("ICE"), to arrest a disgruntled accountholder who had previously participated in the scheme ("Victim-1"). As part of the scheme to arrest Victim-1, LIN provided YAU with a copy of Victim-1's driver's license, and YAU provided LIN with a copy of a law enforcement sensitive document prepared in advance

of the arrest of Victim-1, which contained personal identifying information about Victim-1, including Victim-1's name, address, and criminal history. The information that YAU disclosed to LIN about Victim-1 was just one example in a yearslong scheme between at least in or around 2017 and at least in or around 2023 in which YAU disclosed confidential government information from law enforcement databases, including personal identifying information, to friends and acquaintances for personal and financial gain. In total, YAU improperly disseminated confidential government information relating to at least approximately 28 individuals. This information came from databases maintained by the U.S. Department of Homeland Security ("DHS") and the U.S. Department of Justice ("DOJ"), including databases maintained by ICE, U.S. Citizenship and Immigration Services ("USCIS"), and U.S. Customs and Border Protection ("CBP"), and YAU disclosed it without any apparent law enforcement purpose to at least approximately 12 non-law enforcement personnel, including, among others: (1) TOMMY LIN; (2) a former candidate for New York City Council and New York State Assembly ("CC-1"); (3) a former target of a fraud investigation conducted by the Federal Bureau of Investigation in California ("CC-2"); and (4) a former business partner ("CC-3").

## COUNT ONE
**(Conspiracy to Commit Bank Fraud)**

The Grand Jury charges:

3. The allegations contained in paragraphs 1 and 2 of this Indictment are repeated and realleged as if fully set forth herein.

4. From at least in or about 2018 through at least in or about 2022, in the Southern District of New York and elsewhere, ZHONG SHI GAO, a/k/a "George," FEI JIANG, a/k/a "Jeffrey," a/k/a "Brother Fei," and TOMMY LIN, the defendants, and others known and unknown,

willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit bank fraud, in violation of Title 18, United States Code, Section 1344.

5. It was a part and an object of the conspiracy that ZHONG SHI GAO, a/k/a "George," FEI JIANG, a/k/a "Jeffrey," a/k/a "Brother Fei," and TOMMY LIN, the defendants, and others known and unknown, knowingly would and did execute, and attempt to execute, a scheme and artifice to defraud a financial institution, as that term is defined in Title 18, United States Code, Section 20, and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, such a financial institution, by means of false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1344, to wit, GAO, JIANG, and LIN agreed to make and cause to be made false statements to financial institutions, including false reports of unauthorized wire transfers, in order to obtain funds.

(Title 18, United States Code, Section 1349.)

## COUNT TWO
**(Conspiracy to Commit Wire Fraud)**

The Grand Jury further charges:

6. The allegations contained in paragraphs 1 and 2 of this Indictment are repeated and realleged as if fully set forth herein.

7. From at least in or about 2018 through at least in or about 2022, in the Southern District of New York and elsewhere, ZHONG SHI GAO, a/k/a "George," FEI JIANG, a/k/a "Jeffrey," a/k/a "Brother Fei," and TOMMY LIN, the defendants, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit wire fraud, in violation of Title 18, United States Code, Section 1343.

4

8. It was a part and an object of the conspiracy that ZHONG SHI GAO, a/k/a "George," FEI JIANG, a/k/a "Jeffrey," a/k/a "Brother Fei," and TOMMY LIN, the defendants, and others known and unknown, knowingly having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, which affected a financial institution, in violation of Title 18, United States Code, Section 1343, to wit, GAO, XU, and JIANG agreed to make and cause to be made false statements to financial institutions, including false reports of unauthorized wire transfers, in order to obtain funds, and sent and received, and caused others to make, send, and receive telephone calls, emails, text messages, and electronic wire transfers, to and from the Southern District of New York and elsewhere, in furtherance of that scheme.

(Title 18, United States Code, Section 1349.)

## COUNT THREE
**(Conspiracy to Commit Money Laundering)**

The Grand Jury further charges:

9. The allegations contained in paragraphs 1 and 2 of this Indictment are repeated and realleged as if fully set forth herein.

10. From at least in or about 2018 through at least in or about 2022, in the Southern District of New York and elsewhere, ZHONG SHI GAO, a/k/a "George," and FEI JIANG, a/k/a "Jeffrey," a/k/a "Brother Fei," the defendants, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit

5

money laundering, in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 1957.

11. It was a part and an object of the conspiracy that ZHONG SHI GAO, a/k/a "George," and FEI JIANG, a/k/a "Jeffrey," a/k/a "Brother Fei," the defendants, and others known and unknown, knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity, would and did conduct and attempt to conduct such a financial transaction, which transaction affected interstate and foreign commerce and involved the use of a financial institution which was engaged in, and the activities of which affected, interstate and foreign commerce, and which in fact involved the proceeds of specified unlawful activity, to wit, bank fraud, in violation of Title 18, United States Code, Section 1344, and wire fraud, in violation of Title 18, United States Code, Section 1343, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

12. It was further a part and an object of the conspiracy that ZHONG SHI GAO, a/k/a "George," and FEI JIANG, a/k/a "Jeffrey," a/k/a "Brother Fei," the defendants, and others known and unknown, would and did knowingly engage and attempt to engage in a monetary transaction, as defined in Title 18, United States Code, Section 1957(f)(1), in criminally derived property of a value greater than $10,000 that was derived from specified unlawful activity, to wit, bank fraud, in violation of Title 18, United States Code, Section 1344, and wire fraud, in violation of Title 18, United States Code, Section 1343, in violation of Title 18, United States Code, Section 1957.

(Title 18, United States Code, Section 1956(h).)

## COUNT FOUR
### (Aggravated Identity Theft)

The Grand Jury further charges:

13. The allegations contained in paragraphs 1 and 2 of this Indictment are repeated and realleged as if fully set forth herein.

14. From at least in or about 2018 through at least in or about 2022, in the Southern District of New York and elsewhere, ZHONG SHI GAO, a/k/a "George," FEI JIANG, a/k/a "Jeffrey," a/k/a "Brother Fei," and TOMMY LIN, the defendants, knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), to wit, GAO, JIANG, and LIN used and transferred the names, social security numbers, passport numbers, drivers' license numbers, bank account numbers, and credit card numbers of other persons during and in relation to the bank fraud conspiracy and wire fraud conspiracy violations charged in Counts One and Two of this Indictment.

(Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), and 2.)

## COUNT FIVE
### (Identity Theft Conspiracy)

The Grand Jury further charges:

15. The allegations contained in paragraphs 1 and 2 of this Indictment are repeated and realleged as if fully set forth herein.

16. From at least in or about 2019 through at least in or about 2020, in the Southern District of New York and elsewhere, HENRY YAU and TOMMY LIN, the defendants, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed

7

together and with each other to commit identity theft, in violation of Title 18, United States Code, Section 1028(a)(7).

17. It was a part and object of the conspiracy that HENRY YAU and TOMMY LIN, the defendants, and others known and unknown, would and did knowingly transfer, possess, and use, in and affecting interstate and foreign commerce, without lawful authority, a means of identification of another person, to wit, names, social security numbers, dates of birth, and drivers' license numbers, with the intent to commit, and to aid or abet, and in connection with, an unlawful activity that constitutes a violation of Federal law, to wit, conversion of records and property of the United States, in violation of Title 18, United States Code, Section 641, and disclosure of agency records containing individually identifiable information, in violation of Title 5, United States Code, Section 552a(i)(1), and conspiracy to commit the same, and the offense involved the transfer of an identification document, authentication feature, and false identification document that is and appears to be an identification document and authentication feature issued by and under the authority of the United States, and a birth certificate, and a driver's license and personal identification card, and as a result of the offense involving the transfer, possession, and use of one and more means of identification, an individual committing the offense, obtained a thing of value aggregating $1,000 and more during a one-year period, in violation of Title 18, United States Code, Sections 1028(a)(7), (b)(1)(A), and (b)(1)(D).

(Title 18, United States Code, Section 1028(f).)

## COUNT SIX
**(Conspiracy to Convert Records and Property of the United States and Disclose Agency Records Containing Individually Identifiable Information)**

The Grand Jury further charges:

18. The allegations contained in paragraphs 1 and 2 of this Indictment are repeated and realleged as if fully set forth herein.

19. From at least in or about 2019 through at least in or about 2020, in the Southern District of New York and elsewhere, HENRY YAU and TOMMY LIN, the defendants, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit offenses against the United States, to wit, conversion of records and property of the United States, in violation of Title 18, United States Code, Section 641, and disclosure of agency records containing individually identifiable information, in violation of Title 5, United States Code, Section 552a(i)(1).

20. It was a part and object of the conspiracy that HENRY YAU and TOMMY LIN, the defendants, and others known and unknown, would and did embezzle, steal, purloin, and knowingly convert to their use and the use of another, and without authority, sell, convey, and dispose of, a record and thing of value of the United States and a department and agency thereof, in violation of Title 18, United States Code, Section 641.

21. It was further a part and object of the conspiracy that HENRY YAU and TOMMY LIN, the defendants, and others known and unknown, being an officer and employee of an agency, who by virtue of such employment and official position, had possession of, and access to, agency records which contained individually identifiable information the disclosure of which was prohibited by Title 5, United States Code, Section 552a, and by rules and regulations established thereunder, and who knowing that disclosure of the specific material was so prohibited, would and

did willfully disclose the material in a manner to a person and agency not entitled to receive it, in violation of Title 5, United States Code, Section 552a(i)(1).

Overt Acts

22. In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

    a. On or about August 27, 2019, TOMMY LIN, the defendant, transmitted a photocopy of the Delaware driver's license for a particular individual to HENRY YAU, the defendant, for the purpose of inquiring whether YAU could arrest that particular individual for immigration violations.

    b. On or about June 1, 2020, LIN received a photograph of an Illinois driver's license for Victim-1, which LIN later transmitted to YAU for the purpose of inquiring whether YAU could arrest Victim-1 for immigration violations.

    c. On or about September 8, 2020, YAU disclosed to Lin a copy of an ICE Enforcement and Removal Operations Field Operations Worksheet containing Victim-1's name, driver's license photograph, criminal history, and home address.

    d. On or about October 28, 2020, YAU arrested Victim-1 and transmitted copies of post-arrest photographs of Victim-1 to LIN.

(Title 18, United States Code, Section 371.)

**COUNT SEVEN**
**(Conspiracy to Convert Records and Property of the United States and Disclose Agency Records Containing Individually Identifiable Information)**

23. The allegations contained in paragraphs 1 and 2 of this Indictment are repeated and realleged as if fully set forth herein.

10

24. From at least in or about 2018 through at least in or about 2021, in the Southern District of New York and elsewhere, HENRY YAU, the defendant, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit offenses against the United States, to wit, conversion of records and property of the United States, in violation of Title 18, United States Code, Section 641, and disclosure of agency records containing individually identifiable information, in violation of Title 5, United States Code, Section 552a(i)(1).

25. It was a part and object of the conspiracy that HENRY YAU, the defendant, and others known and unknown, would and did embezzle, steal, purloin, and knowingly convert to their use and the use of another, and without authority, sell, convey, and dispose of, a record and thing of value of the United States and a department and agency thereof, in violation of Title 18, United States Code, Section 641.

26. It was further a part and object of the conspiracy that HENRY YAU, the defendant, and others known and unknown, being an officer and employee of an agency, who by virtue of such employment and official position, had possession of, and access to, agency records which contained individually identifiable information the disclosure of which was prohibited by Title 5, United States Code, Section 552a, and by rules and regulations established thereunder, and who knowing that disclosure of the specific material was so prohibited, would and did willfully disclose the material in a manner to a person and agency not entitled to receive it, in violation of Title 5, United States Code, Section 552a(i)(1).

Overt Acts

27. In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

    a. On or about February 23, 2019, CC-1 transmitted to HENRY YAU, the defendant, a photograph of a New York State driver's license in the name of an individual ("Victim-2"), and asked YAU to check on the status of a permanent residence application filed by Victim-2 with USCIS.

    b. On or about March 20, 2019, YAU disclosed to CC-1 non-public information regarding USCIS's investigation of Victim-2's permanent residence application.

    c. On or about June 20, 2019, CC-1 transmitted to YAU a photograph of a driver's license in the name of an individual ("Victim-3") and asked YAU to check on the immigration status of Victim-3 in DHS databases.

    d. On or about June 20, 2019, YAU transmitted to CC-1 non-public information about Victim-3's immigration status.

    e. On or about October 12, 2021, CC-1 requested that YAU conduct a check in DHS databases for the travel history for a particular individual, and YAU offered to ask other individuals for assistance with conducting the database checks.

(Title 18, United States Code, Section 371.)

**COUNT EIGHT**
**(Conspiracy to Convert Records and Property of the United States and Disclose Agency Records Containing Individually Identifiable Information)**

28. The allegations contained in paragraphs 1 and 2 of this Indictment are repeated and realleged as if fully set forth herein.

29. From at least in or about 2019 through at least in or about 2020, in the Southern District of New York and elsewhere, HENRY YAU, the defendant, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit offenses against the United States, to wit, conversion of records and property of the United States, in violation of Title 18, United States Code, Section 641, and disclosure of agency records containing individually identifiable information, in violation of Title 5, United States Code, Section 552a(i)(1).

30. It was a part and object of the conspiracy that HENRY YAU, the defendant, and others known and unknown, would and did embezzle, steal, purloin, and knowingly convert to their use and the use of another, and without authority, sell, convey, and dispose of, a record and thing of value of the United States and a department and agency thereof, in violation of Title 18, United States Code, Section 641.

31. It was further a part and object of the conspiracy that HENRY YAU, the defendant, and others known and unknown, being an officer and employee of an agency, who by virtue of such employment and official position, had possession of, and access to, agency records which contained individually identifiable information the disclosure of which was prohibited by Title 5, United States Code, Section 552a, and by rules and regulations established thereunder, and who knowing that disclosure of the specific material was so prohibited, would and did willfully disclose the material in a manner to a person and agency not entitled to receive it, in violation of Title 5, United States Code, Section 552a(i)(1).

Overt Acts

32. In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

    a. On or about December 26, 2018, HENRY YAU, the defendant, conducted a check in law enforcement databases at the request of CC-2 to see whether CC-2 would be arrested by law enforcement at the border when traveling out of the United States.

    b. On or about February 22, 2019, YAU conducted a check in law enforcement databases at CC-2's request to see whether CC-2's cousin would be arrested by law enforcement at the border when traveling into the United States.

    c. On or about January 13, 2020, YAU conducted a check in law enforcement databases at CC-2's request to see whether CC-2 would be arrested by law enforcement at the border when traveling into the United States.

    d. On or about January 13, 2020, YAU informed CC-2 that CC-2 was flagged as being investigated by law enforcement agents in California.

(Title 18, United States Code, Section 371.)

**COUNT NINE**
**(Conspiracy to Convert Records and Property of the United States and Disclose Agency Records Containing Individually Identifiable Information)**

33. The allegations contained in paragraphs 1 and 2 of this Indictment are repeated and realleged as if fully set forth herein.

34. From at least in or about 2019 through at least in or about 2020, in the Southern District of New York and elsewhere, HENRY YAU, the defendant, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and

14

with each other to commit offenses against the United States, to wit, conversion of records and property of the United States, in violation of Title 18, United States Code, Section 641, and disclosure of agency records containing individually identifiable information, in violation of Title 5, United States Code, Section 552a(i)(1).

35. It was a part and object of the conspiracy that HENRY YAU, the defendant, and others known and unknown, would and did embezzle, steal, purloin, and knowingly convert to their use and the use of another, and without authority, sell, convey, and dispose of, a record and thing of value of the United States and a department and agency thereof, in violation of Title 18, United States Code, Section 641.

36. It was further a part and object of the conspiracy that HENRY YAU, the defendant, and others known and unknown, being an officer and employee of an agency, who by virtue of such employment and official position, had possession of, and access to, agency records which contained individually identifiable information the disclosure of which was prohibited by Title 5, United States Code, Section 552a, and by rules and regulations established thereunder, and who knowing that disclosure of the specific material was so prohibited, would and did willfully disclose the material in a manner to a person and agency not entitled to receive it, in violation of Title 5, United States Code, Section 552a(i)(1).

Overt Acts

37. In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

    a. Between on or about June 18, 2019 and on or about June 19, 2019, HENRY YAU, the defendant, disclosed to CC-3 non-public information from DHS databases regarding the

immigration status of an individual ("Victim-4") and offered to arrest Victim-4 and Victim-4's spouse.

b. On or about June 19, 2019, YAU checked DHS databases at CC-3's request and provided non-public information from DHS databases regarding the immigration status of an individual ("Victim-5").

c. Between on or about July 25, 2019 and on or about July 26, 2019, YAU checked law enforcement databases at CC-3's request to obtain subscriber information for a particular phone number.

d. On or about July 28, 2019, CC-3 transmitted a photograph of a Hong Kong Permanent Identity Card of a particular individual ("Victim-6") and asked YAU to provide recent border crossings into and out of the United States for Victim-6.

e. On or about July 30, 2019, YAU disclosed to CC-3 non-public information from law enforcement databases about Victim-6's border crossings into and out of the United States.

f. On or about July 23, 2021, YAU disclosed to CC-3 non-public information from a DHS database about the investigation of CC-3's application for the DHS Global Entry Program.

(Title 18, United States Code, Section 371.)

### COUNT TEN
**(Conversion of Records and Property of the United States)**

The Grand Jury further charges:

38. The allegations contained in paragraphs 1 and 2 of this Indictment are repeated and realleged as if fully set forth herein.

39. From at least in or about November 2019 through at least in or about November 2024, in the Southern District of New York and elsewhere, HENRY YAU, the defendant, embezzled, stole, purloined, and knowingly converted to his use and the use of another, and without authority sold, conveyed, and disposed of, a record and thing of value of the United States and a department and agency thereof, to wit, YAU disclosed to friends and acquaintances records from various law enforcement databases and immigration databases maintained by, among other departments and agencies, DHS, ICE, the DOJ, USCIS, and CBP.

(Title 18, United States Code, Sections 641 and 2.)

## COUNT ELEVEN
**(Disclosure of Agency Records Containing Individually Identifiable Information)**

The Grand Jury further charges:

40. The allegations contained in paragraphs 1 and 2 of this Indictment are repeated and realleged as if fully set forth herein.

41. From at least in or about December 2019 through at least in or about 2023, in the Southern District of New York and elsewhere, HENRY YAU, the defendant, being an officer and employee of an agency, who by virtue of such employment and official position, had possession of, and access to, agency records which contained individually identifiable information the disclosure of which was prohibited by Title 5, United States Code, Section 552a and by rules and regulations established thereunder, and who knowing that disclosure of the specific material was so prohibited, willfully disclosed the material in a manner to a person and agency not entitled to receive it, to wit, YAU disclosed to friends and acquaintances records containing individually identifiable information from various law enforcement databases and immigration databases maintained by, among other departments and agencies, DHS, ICE, the DOJ, USCIS, and CBP.

(Title 5, United States Code, Section 552a(i)(1); and Title 18, United States Code, Section 2.)

17

## FORFEITURE ALLEGATIONS

42. As a result of committing the offenses alleged in Count One and Count Two of this Indictment, ZHONG SHI GAO, a/k/a "George," FEI JIANG, a/k/a "Jeffrey," a/k/a "Brother Fei," and TOMMY LIN, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any and all property constituting, or derived from, proceeds the defendants obtained directly or indirectly, as a result of the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

43. As a result of committing the offense alleged in Count Three of this Indictment, ZHONG SHI GAO, a/k/a "George," and FEI JIANG, a/k/a "Jeffrey," a/k/a "Brother Fei," the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in said offense, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offense.

44. As a result of committing the offense alleged in Count Five of this Indictment, HENRY YAU and TOMMY LIN, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1028(b), any and all property constituting, or derived from, proceeds obtained directly or indirectly as a result of said offense and any and all personal property used or intended to be used to commit said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

45. As a result of committing the offense alleged in Count Six of this Indictment, HENRY YAU and TOMMY LIN, the defendants, shall forfeit to the United States, pursuant to

Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

46. As a result of committing the offenses alleged in Counts Seven, Count Eight, Count Nine, and Count Ten of this Indictment, HENRY YAU, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

## Substitute Assets Provision

47. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

                      (Title 18, United States Code, Sections 982 and 1028;
                         Title 21, United States Code, Section 853; and
                         Title 28, United States Code, Section 2461.)

FORE[REDACTED]

DAMIAN WILLIAMS
United States Attorney